# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **In re:** ) | **CASE NO. 1:05MC065** |
| ) | |
| **JOSE M. RIVERA, SR.,** ) | |
| ) | |
|     **Debtor,** ) | |
| ) | |
| **MARVIN A. SICHERMAN, Trustee,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Judge John M. Manos** |
| ) | |
| **WILLIAM M. CROSBY, et. al.,** ) | |
| ) | |
|     **Defendants / Third Party Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **JAMES B. KERNER, Esq.,** ) | |
| ) | |
|     **Third Party Defendant.** ) | **MEMORANDUM OF OPINION** |

On April 6, 2005, William M. Crosby ("Crosby"), Defendant / Third Party Plaintiff, filed a motion for withdrawal of reference of Adversary Proceeding No. 05-01140-RB. (Docket No. 1, Ex. 1.) On April 13, 2005, Marvin A. Sicherman, Plaintiff-Trustee, filed a brief in opposition. (Docket No. 1, Ex. 2.) On May 3, 2005, James B. Kerner, Third Party Defendant, filed a brief joining in Plaintiff-Trustee's brief in opposition. (Docket No. 1, Ex. 3.) Finally, on August 4, 2005, the bankruptcy court transferred the motion for withdrawal of reference to this Court for adjudication pursuant to 28 U.S.C. § 157(d). (Docket No. 1, Ex. 4.)

This matter is fully-briefed and ripe for adjudication. For the following reasons, the motion for

withdrawal of reference of Adversary Proceeding No. 05-01140-RB is **DENIED**.

## I.  FACTUAL BACKGROUND

This adversary proceeding arises out of a Chapter 7 bankruptcy proceeding filed in the United States Bankruptcy Court for the Northern District of Ohio. On January 22, 2003, Jose M. Rivera, Sr., Debtor, filed a petition seeking relief under Chapter 7 of Title 11 of the United States Code. At that time, the Debtor had a claim for personal injuries and damages against the Catholic Diocese of Cleveland (the "Diocese"), the Missionary Servants of the Most Holy Trinity ("Holy Trinity"), and the Sacred Heart Chapel Parish. On June 19, 2003, a settlement agreement was entered into between the Debtor, the Diocese, and Holy Trinity whereby the Diocese and Holy Trinity agreed to pay to the Debtor the sum of $175,000.

On March 14, 2005, Marvin A. Sicherman, Plaintiff-Trustee, filed a complaint against Defendant Crosby and the Debtor for concealing the settlement proceeds and then removing and transferring them from the bankruptcy estate. He is seeking damages on behalf of the estate in the amount of $97,500, which consists of $80,000 that was distributed by Defendant Crosby to the Debtor and $17,500 in fees received by Defendant Crosby from the settlement proceeds.

On April 6, 2005, Defendant Crosby filed an answer. He admits that there was a settlement in the amount of $175,000 and to having distributed proceeds to his co-counsel and the Debtor. He also filed a motion for withdrawal of reference arguing that the Seventh Amendment guarantees him a right to a jury trial and that he has not consented to the bankruptcy judge conducting the trial. (Docket No. 1, Ex. 1.) Plaintiff-Trustee, joined by Third-Party Defendant Kerner, filed a brief in opposition arguing that Defendant Crosby is not entitled to withdrawal of reference because the Seventh Amendment does

not apply in this case.

## II.  LAW AND ANALYSIS

The Bankruptcy Amendments and Federal Judgeship Act of 1984 (the "Bankruptcy Act") vests in the district courts original jurisdiction over all cases arising under Title 11 of the Bankruptcy Code.  See 28 U.S.C. § 1334(b).  It also permits the district courts to refer bankruptcy cases automatically to the bankruptcy judges for the district.  See 28 U.S.C. § 157(a).  However, that reference can be withdrawn in limited circumstances:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organization or activities affecting interstate commerce.

28 U.S.C. § 157(d).  This statute is to be interpreted restrictively.  Holland v. LTV Steel Co., 288 B.R. 770, 772 (N.D. Ohio 2002).  Indeed, it was not intended to become "an escape hatch through which most bankruptcy matters will be removed to the district court."  In re White Motor Corp., 42 B.R. 693, 704 (N.D. Ohio 1984); Holland, 288 B.R. at 772-73.

Pursuant to statute, withdrawal is mandatory where the adversary proceeding in question requires the consideration of non-bankruptcy federal law.  See 28 U.S.C. § 157(d).  Courts have restricted this provision to situations where "substantial and material consideration" of non-bankruptcy federal law "is necessary for the resolution of a case or proceeding."  In re White, 42 B.R. at 703-704; Holland, 288 B.R. at 773.  "Substantial and material consideration" requires a significant interpretation of federal law, not just a straight forward application to a particular set of facts.  In re Vicars Ins.

Agency, Inc., 96 F.3d 949, 952 (7th Cir. 1996); Holland, 288 B.R. at 773; In re Federated Dep't Stores, Inc., 189 B.R. 142, 144 (S.D. Ohio 1995); In re Johns-Manville Corp., 63 B.R. 600, 603 (S.D.N.Y. 1986).

In a separate provision, the Bankruptcy Act, by implication, provides for mandatory withdrawal in one additional circumstance:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

28 U.S.C. § 157(e). Thus, if the Seventh Amendment right to a jury trial applies and a party objects to the bankruptcy judge conducting the trial, withdrawal is mandatory.

If withdrawal is not mandatory, it is still permitted "for cause shown." See 28 U.S.C. § 157(d). The statute does not define the word "cause." However, the majority of circuit courts rely upon four factors to determine cause: (1) promoting uniformity in bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering the economical use of the debtor's and creditor's resources; and (4) expediting the bankruptcy process. See In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990) (quoting Holland American Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985); Dionne v. Simmons, 200 F.3d 738, 741 (11th Cir. 2000). The Second Circuit also considers three additional factors: (1) whether the adversary proceeding is a core proceeding; (2) whether the claim is legal or equitable; and (3) the presence of a jury demand. In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993).

The moving party has the burden of proving that the reference should be withdrawn. In re

Vicars, 96 F.3d at 949; Holland, 288 B.R. at 773; In re Michigan Real Estate Ins. Trust, 87 B.R. 447, 459 (E.D. Mich. 1987).

Here, Defendant Crosby does not seek mandatory withdrawal on the ground that the adversary proceeding involves the substantial and material consideration of non-bankruptcy federal law.  Nor is he seeking permissive withdrawal for cause shown.  Rather, he is seeking mandatory withdrawal based on the Seventh Amendment and the fact that he has not consented to the bankruptcy judge conducting a trial.  See 28 U.S.C. § 157(e).  The sole issue is whether the Seventh Amendment right to a jury trial applies in this case.

To determine the applicability of the Seventh Amendment, the Supreme Court has adopted the following three-part test:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the court of law and equity.  Second, we examine the remedy sought and determine whether it is legal or equitable in nature.  The second stage of the analysis is more important than the first.  If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a fact finder.

Granfinanciera, S. A. v. Nordberg, 492 U.S. 33, 42 (1990) (citations omitted).  In applying this test, the Supreme Court in Granfinanciera held that a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer under § 548.  Id. at 36.  In Langenkamp v. Culp, 498 U.S. 42 (1991), the Supreme Court extended its holding in Granfinanciera to § 547 preferential transfer claims.  However, both Granfinanciera and Langenkamp involved claims with respect to pre-petition transfers.  Here, Trustee-Plaintiff has filed a § 549 claim to recover a post-petition transfer.  The

-5-

majority of courts have held that § 549 claims are equitable in nature and thus, the Seventh Amendment right to a jury trial does not apply. See In re: M&L Business Machine Co., Inc., 59 F.3d 1078, 1082 (10th Cir. 1995); Keller v. Blinder, 146 B.R. 28 (D. Colo. 1992); Garrett Road Supermarket, Inc. v. Wetterau Finance Co., 95 B.R. 904, 906 (E.D. Penn. 1989); In re: Ackhoff, 252 B.R. 396, 398 (Bankr. E.D. Mich. 2000); In re: Lands End Leasing, Inc., 193 B.R. 426, 431-32 (Bankr. D. N.J. 1996); In re: North Carolina Hosp. Ass'n Trust Fund, 112 B.R. 759, 762-63 (Bankr. E.D.N.C. 1990); but see In re: Roberts, 126 B.R. 678, 682-83 (Bankr. W.D. Pa. 1991).

The Court agrees that the Seventh Amendment right to a jury trial does not apply to § 549 claims to recover post-petitioner transfers. Indeed, the remedy provided for in § 549 did not exist at common law and "asserts a power directly conferred solely by the Bankruptcy Act." See Garrett, 95 B.R. at 906; see also In re: M&L Business Machine, 59 F.3d at 1082; In re: Lands End, 193 B.R. at 732. As the bankruptcy court in In re: North Carolina stated:

> The bankruptcy estate is created upon the filing of the bankruptcy petition and it is protected at the inception of the case by the automatic stay under § 362 and by the prohibition against postpetition transfers set forth in § 549. Enforcement of these protections is clearly equitable. Consequently, there is no right to jury trial in such actions.

112 B.R. at 762. In fact, the bankruptcy court, empowered to protect and maintain the bankruptcy estate, is considered a "court of equity." See NLRB v. Bildisco, 465 U.S. 513 (1984), superseded by statute on other grounds, the Bankruptcy Act, Pub. L. No. 98-353, 98 Stat. 333, as recognized in Mason v. Official Comm. of Unsecured Creditors, 330 F.3d 36 (1st Cir. 2003). The Court recognizes the contrary holding in In re: Roberts, 126 B.R. 678 (Bankr. W.D. Pa. 1991). In that case, the bankruptcy court held that a trustee's § 549 claim is, in essence, a fraudulent conveyance claim,

which is legal in nature and triable to a jury under the common law. Id. at 682-83. However, Roberts is distinguishable. The trustee in Roberts was not only seeking recovery under § 549, but also monetary and punitive damages on an underlying fraud claim. Id. at 682. Here, Plaintiff-Trustee is not seeking damages or penalties on an underlying legal claim, only the return of funds transferred. Thus, his claim is a direct invocation of the powers enunciated in § 549, "powers that did not exist at common law and are wholly equitable in nature." See Keller, 146 B.R. at 28-29.

The parties also dispute whether this adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). However, such a question is irrelevant to the question of whether the Seventh Amendment right to a jury trial applies. See Granfinanciera, S. A. v. Nordberg, 492 U.S. 33, 36, 60-61 (1990). Moreover, the question of whether an adversary proceeding is a core proceeding should initially be decided by the bankruptcy court. See 28 U.S.C. § (b)(3); Central Nat'l Bank v. Kwak, 49 B.R. 337, 340 (N.D. Ohio 1985).

### III.   CONCLUSION

Having not shown that withdrawal is mandatory nor that it should be permitted for cause shown, the motion for withdrawal of reference of Adversary Proceeding No. 05-01140-RB is **DENIED**. This matter is referred back to the United States Bankruptcy Court for the Northern District of Ohio.

**IT IS SO ORDERED.**


**Date: October 12, 2005**          */s/ John M. Manos*
                                    **UNITED STATES DISTRICT JUDGE**